## 56543. GENERAL COMMUNICATIONS SERVICE, INC. v. GEORGIA PUBLIC SERVICE COMMISSION et al.

BANKE, Judge.

The appellee, American Communications Systems, Inc., applied for and was granted authority from the Georgia Public Service Commission to operate a 2-way radio paging service in an area where it had previously operated a 1-way radio paging service. The appellant, General Communications Service, Inc., already operated a 2-way service in the area and intervened to oppose American's application.

On the same day that American's application was granted, the Public Service Commission issued an order favorable to General in a separate but related case in which American had intervened as an opposing party. Counsel for the two parties held a telephone conversation soon thereafter in which they discussed their intentions with regard to future action in the two cases. American's counsel contends that he "essentially told [General's counsel] that my client, American Communications, was willing to discontinue our fight in their case if they were willing to do the same in our case." He testified that General's counsel agreed, subject to the approval of his client, and that the two reached an understanding that if General did *not* give its approval then counsel for General would notify counsel for American before the expiration of the 10-day period allowed for filing a petition for reconsideration before the commission. No such notification was given, and neither party filed a petition for reconsideration.

General admits that there were settlement discussions but contends that they related only to further proceedings before the commission and that no mention was made of the possibility of a direct court appeal. After the period for filing for reconsideration before the commission had expired, General appealed directly to the Fulton County Superior Court from the decision rendered in American's case, as it was entitled to do under the Administrative Procedure Act. See Code Ann. § 3A-120 (c).

In its answer to General's appeal, American raised the alleged telephone agreement as a defense, whereupon the trial court remanded the case to the commission for further proceedings. The commission heard conflicting evidence as to the substance of the telephone conversation and issued an order affirming its original decision to grant American's application. The superior court affirmed, based on its own finding that "there existed an agreement between counsel for appellant and [American] to mutually terminate the litigation between the parties before the Public Service Commission." This appeal followed. *Held:*

General contends on appeal that enforcement of the telephone agreement is barred by Code § 9-605, which provides, in pertinent part, as follows: "Attorneys have authority to bind their clients in any action or proceedings, by any agreement in relation to the cause, *made in writing . . .*" (Emphasis supplied.) However, both this court and the Supreme Court have consistently enforced oral settlements or agreements between counsel, acting with apparent authority, where the agreement has been at least partially performed to the detriment of the party seeking to enforce it. See, e.g., *Boswell v. Gillen,* 131 Ga. 310 (62 SE 187) (1908); *Oliver v. Godley,* 38 Ga. App. 66 (1) (142 SE 566) (1928) and cits. Although these cases were decided with specific reference to Rule 19 of the Superior Courts, Code Ann. § 24-3339, rather than to Code § 9-605, their reasoning is based on principles of estoppel and is equally applicable here. As stated in *Oliver v. Godley,* supra, at p. 72, quoting from *Beverly v. Flesenthall,* 142 Ga. 834, 835 (83 SE 942) (1914): "The case does not depend upon the rule of court that agreements between counsel in regard to matters of practice . . . must be in writing in order to be enforceable, but upon the question of whether the [promisee] acted upon certain statements and assurances . . . so that it would operate upon [it] as a fraud to take advantage of the fact that [it] did not file pleas in due time."

In return for what it believed was an agreement by General not to appeal the commission's order rendered in this case, American gave up a valuable right, i.e., the right to file a petition for reconsideration before the Public

Service Commission in the case in which General had prevailed. Despite General's vigorous denial that such a settlement had been made, both the trial court and the commission agreed with American that this was in fact the substance of the telephone conversation. There is evidence to support such a finding, and we are thus without authority to disturb it on appeal. See generally Code Ann. § 81A-152 (a); *Evans v. Marbut,* 140 Ga. App. 329, 332 (231 SE2d 94) (1976).

*Judgment affirmed. Webb, P. J., McMurray, Smith, Shulman and Birdsong, JJ., concur. Underwood, J., concurs specially. Deen, C. J., and Quillian, P. J., dissent.*

ARGUED SEPTEMBER 13, 1978 — DECIDED FEBRUARY 15, 1979 — REHEARING DENIED MARCH 28, 1979 —

*Troutman, Sanders, Lockerman & Ashmore, Jeffrey R. Nickerson,* for appellant.

*Arthur K. Bolton, Attorney General, L. Joseph Shaheen, Assistant Attorney General, Martin H. Rubin, Hicks, Maloof & Campbell, Charles E. Campbell,* for appellees.

UNDERWOOD, Judge, concurring specially.

I agree that the line of authority cited in the majority opinion precludes our disturbing the trial court's finding that the telephone discussion of counsel resulted in an enforceable agreement mutually to forgo further legal challenge of two Public Service Commission decisions. But a caveat is in order.

In reaching this result we do not intimate or suggest that the bounds of enforceable oral agreements between counsel have been extended. We only hold that principles of estoppel apply where there is reliance in fact, partial performance, and a resulting detriment to the party seeking to enforce the agreement. This case illustrates both the practical convenience and significant danger of agreements made by lawyers during telephone conversations, which agreements affect their clients' interests.

Here two lawyers experienced in Public Service Commission proceedings conducted a telephone conversation and reached an apparent agreement on certain aspects of their clients' proceedings before the Commission. Subsequently, each testified to differing perceptions of the literal terms of the oral agreement. There were no consequential allegations of bad faith and no finding of bad faith on the part of either party, but the trier of fact found that the weight of the evidence indicated that an agreement had been reached which was breached when General sought to reverse in court the grant of additional operating authority to American by the Public Service Commission.

In rejecting the notion that every agreement between practicing lawyers concerning the status of active cases must be in writing to be enforceable, I am concerned that we do not elevate the legal dignity of oral agreements or multiply their use by busy lawyers.

While we have applied the controlling precedents dealing with certain oral agreements between attorneys, we have not, in my opinion, extended the bounds of enforceability of such agreements.

Although our decision with respect to the effect of the settlement agreement makes it unnecessary for us to look beyond that issue, I note that the trial court indicated that General's challenge of the Public Service Commission action failed "whether or not said agreement is deemed enforceable."

DEEN, Chief Judge, dissenting.

I most respectfully dissent. "No consent or agreement between attorneys or parties will be enforced by the court, unless it be in writing and signed by the parties to the consent, where such consent or agreement is denied by the opposite party." Code Ann. § 24-3339. Since the alleged agreement at issue in this case was not in writing, the trial court erred in enforcing it. Code § 9-605.

I am authorized to state that Presiding Judge Quillian joins in this dissent.