35010. GENERAL COMMUNICATIONS SERVICE, INC. v. GEORGIA PUBLIC SERVICE COMMISSION et al.

PER CURIAM.

This court granted certiorari in this case, reported below at 149 Ga. App. 466 (254 SE2d 710) (1979), to determine whether Code Ann. § 9-605[1] and Superior

[1]"Attorneys have authority to bind their clients in any action or proceeding, by any agreement in relation to the cause, made in writing, and in signing judgments,

Court Rule 39, Code Ann. § 24-3339[2] should be given a literal interpretation or whether these provisions are subject to the doctrine of estoppel. After hearing oral arguments and studying the briefs, we have determined that the doctrine of estoppel does apply and affirm the Court of Appeals. *Stone Mountain Confederate Monumental Assn. v. Smith,* 170 Ga. 515 (1) (153 SE 209) (1930); *Beverly v. Flesenthall Bros.,* 142 Ga. 834 (83 SE 942) (1914); *Boswell v. Gillen,* 131 Ga. 310 (62 SE 187) (1908); *Seals, Armour & Co. v. Stocks,* 100 Ga. 10 (30 SE 278) (1896); *Bradshaw v. Gormerly,* 54 Ga. 557 (1875); *Peoples Credit Clothing Co. v. Scottish Union &c. Ins. Co.,* 57 Ga. App. 747 (196 SE 99) (1938); *Oliver v. Godley,* 38 Ga. App. 66 (142 SE 566) (1928).

Failure by a party to exercise a valuable legal right because of an agreement with the other party is detrimental reliance which creates equitable estoppel. See *Pethel v. Waters,* 220 Ga. 543 (4) (140 SE2d 252) (1965); *Talley v. Atlanta Nat. Real Estate Trust,* 146 Ga. App. 585 (5) (246 SE2d 700) (1978); *Watkins Co. v. Rivers,* 37 Ga. App. 559 (140 SE 770) (1927).

*Judgment affirmed. All the Justices concur, except Nichols, C. J., Bowles and Marshall, JJ., who dissent.*

ARGUED SEPTEMBER 10, 1979 — DECIDED NOVEMBER 26, 1979 — REHEARING DENIED DECEMBER 19, 1979.

*Troutman, Sanders, Lockerman & Ashmore, Jeffrey R. Nickerson,* for appellant.

entering appeals, and by an entry of such matters, when permissible, on the dockets of the court; and attorneys, who are otherwise authorized by law to take affidavits and administer oaths, shall not be disqualified to take affidavits required of their clients in any matter or proceeding of any nature whatsoever."

[2]"No consent or agreement between attorneys or parties will be enforced by the court, unless it be in writing, and signed by the parties to the consent, where such consent or agreement is denied by the opposite party."

*Martin H. Rubin, Charles E. Campbell, Arthur K. Bolton, Attorney General, L. Joseph Shaheen, Assistant Attorney General,* for appellees.