### 36840. LAYFIELD et al. v. SANFORD et al.

MARSHALL, Justice.

This is a suit for reformation of a deed and damages. The jury returned a verdict in favor of the plaintiffs, but the trial judge granted the defendants' motion for judgment n.o.v. The plaintiffs appeal.

The plaintiffs are W. E. and Elizabeth E. Layfield, who are husband and wife. Defendant Albert A. Sanford is their nephew. Through a series of transactions, the plaintiffs acquired title to Lot 8 of Block A in Vincent Heights Subdivision in Milledgeville, Georgia. This property was the homeplace of Mary Ella and Albert F. Sanford, who were the defendant's parents, Mary Sanford having been W. E. Layfield's sister. Mary E. and Albert F. Sanford are now deceased,

---

and they left each of their four children a one-quarter interest in Lot 8.

The deed sought to be reformed in this case is from defendant Albert A. Sanford to the plaintiffs, and it conveys that defendant's one-quarter interest in Lot 8 to the plaintiffs. The dispute concerns the boundary line between Lot 7 and Lot 8, the defendant being the sole owner of Lot 7. It is the plaintiffs' contention that a chain link fence constitutes the boundary line between the two lots, and the plaintiffs seek to have the deed given them by the defendant reformed to reflect this. The plaintiffs also seek damages for expenses incurred by them in replacing the fence after it was removed by the defendant.

The trial judge granted the defendant's motion for judgment n.o.v., on the following grounds: The deed sought to be reformed contemplates that the chain link fence lies on the defendant's property and does not constitute the boundary line; the evidence is undisputed that the defendant made no representations to the plaintiffs that the chain link fence does constitute the boundary line; the evidence is also undisputed that the plaintiff husband did not exercise reasonable diligence in that he did not even read the deed, have any of the witnesses to the deed read it to him, have a lawyer explain the deed to him, or have the property surveyed. As noted by the trial judge, the evidence is conflicting on the question of whether W. E. Layfield can read. *Held:*

We agree with the trial judge's view of the evidence, and we therefore affirm.

In order for equity to reform a written instrument on the ground of mutual mistake, it must, of course, be proved to be the mistake of both parties. *Scurry v. Cook,* 206 Ga. 876, 880 (59 SE2d 371) (1950) and cits. This is not the situation here. And, although equity will reform a written instrument for the unilateral mistake of one party accompanied by fraud or inequitable conduct on behalf of the other party (*Gibson v. Alford,* 161 Ga. 672 (2) (132 SE 442) (1925) and cits.), there is no evidence here of fraud or inequitable conduct by the defendant. In addition, due diligence must be shown by the complaining party before the instrument will be reformed. *Green v. Johnson,* 153 Ga. 738 (3) (113 SE 402) (1922). Here, the plaintiff husband testified, in effect, that he had not bothered to read the deed or have it read to him or have the property surveyed, because his sister had put the fence up when she owned the property and he assumed the fence was the property line.

What the evidence in this case thus shows is a unilateral mistake on the part of the complaining party, uncoupled by fraud or inequitable conduct exercised by the defendant. Under these

circumstances, reformation cannot be obtained. The trial judge did not err in granting the defendants a judgment n.o.v.

*Judgment affirmed. All the Justices concur. Gregory, J., not participating.*

DECIDED JANUARY 27, 1981 —
REHEARING DENIED FEBRUARY 10, 1981.

*Eva L. Sloan,* for appellants.
*Hugh P. Thompson, Gardner & Gardner, Milton F. Gardner, Jr., Gilmore, Waddell & Phillips, Thomas J. Phillips, Jr.,* for appellees.