### 44078. A. J. CONCRETE PUMPING, INC. et al. v. RICHARD O'BRIEN EQUIPMENT SALES, INC.
(353 SE2d 496)

GREGORY, Justice.

Alan Bone, President of appellant A. J. Concrete Pumping, Inc., was for approximately eleven years an employee of Richard O'Brien, President of appellee. When Bone failed to get a promotion he sought, he left O'Brien's employ, and several months later began a concrete pumping operation. Thereafter he sought to buy two pieces of concrete pumping equipment from O'Brien. The evidence indicates that Bone was unable to obtain financing to purchase the equipment on his own, and sought to have O'Brien purchase the equipment and lease it to Bone. O'Brien purchased the equipment and delivered lease agreements to Bone. Bone executed the agreements and returned them to O'Brien. Bone testified that while he "glanced at" the agreements, he did not read them.

Some months later Bone turned the documents over to his attorney. Bone learned at that time that the agreement contained no option to purchase the equipment which, he testified, he had been assured by an employee of O'Brien would be a part of the agreement. He notified O'Brien who delivered to Bone an option to purchase the

equipment for $100 at the end of the lease. Bone did not sign the option but some five months later delivered to O'Brien a proposed option to purchase the equipment for $100 at any time during the term of the lease. O'Brien refused to accept this agreement. Nearly two years after O'Brien had delivered the initial option to purchase to Bone, Bone executed it and tendered it to O'Brien. When O'Brien refused to accept it the appellant filed this action seeking reformation of the lease agreement to include the initial option to purchase. The trial court granted the appellee's motion for directed verdict at the close of the appellant's evidence. We affirm.

1. "A mistake relievable in equity is some unintentional act, omission, or error arising from ignorance, surprise, imposition, or misplaced confidence." OCGA § 23-2-21. Where reformation is sought on the ground of mutual mistake, it must, of course, be proved to be the mistake of both parties. *Layfield v. Sanford*, 247 Ga. 92, 93 (274 SE2d 450) (1981). We have examined the record in this case and find no evidence of mutual mistake. "[E]quity will reform a written instrument for the unilateral mistake of one party accompanied by fraud or inequitable conduct on behalf of the other party." *Layfield* at 93. There is likewise no evidence of fraud or inequitable conduct in the record before us. Further, if a party by reasonable diligence could have known the truth, the instrument will not be reformed. *Martin v. Heard*, 239 Ga. 816 (238 SE2d 899) (1977). It is undisputed that Bone did not read the lease agreement until months after he signed it.

Relying on *Cochran v. Murrah*, 235 Ga. 304, 305 (219 SE2d 421) (1975), the appellant argues that the "confidential relationship" shared by Bone and O'Brien relieved Bone of his duty to read the lease agreement. We do not agree. The record does not demonstrate that a confidential relationship existed between Bone and O'Brien, but rather shows that they were friends engaged in an arms length transaction.

2. We have carefully reviewed the remaining issues raised and find no error.

*Judgment affirmed. All the Justices concur, except Smith, J., not participating.*

DECIDED MARCH 12, 1987.

*J. Christopher Simpson*, for appellants.
*Harry W. Bassler,* for appellee.