A96A0762. GILMORE v. BELL et al.
(478 SE2d 609)

McMURRAY, Presiding Judge.

Thomas W. Gilmore, Jr. and Clifford A. Bell — a building contractor, real estate broker and building material supplier — became friends and fraternity brothers while in college in 1945 and, in more recent years, got together and pursued various business ventures — mostly involving liquidation of Gilmore's 5,000-acre farm. The parties' relationship began deteriorating, however, over four years after Gilmore purchased a new home from Bell which was constructed through Bell's home-building company, Fall Line Properties, Inc. It was then that Gilmore discovered that his home was falling apart due — in large part — to a substandard foundation comprising block piers rather than solid block walls. Gilmore was shocked by this reve-

lation because he questioned Bell about the foundation's integrity before the closing and Bell assured him that the structure's foundation was designed and erected in accordance with modern home-building standards. Bell now admits, however, that he made this assurance — as well as other assurances about the house's quality — without supervising the selection or installation of the house's foundation, without determining whether the foundation satisfied the local building code, or without checking with the county to see if the house had passed inspection — which it had not. Bell simply presumed that the man he hired to supervise the house's construction, Ambros Powell, performed his job within the requisite degree of care and skill — which (according to expert testimony) he did not.

Gilmore asserted an action against Bell, Fall Line Properties, Inc. and Bell's real estate brokerage firm, Town and Country Real Estate and Investment Company, Inc., pertinently alleging that Bell negligently constructed the house in question and duped Gilmore into purchasing the house by recklessly assuring him that the structure's foundation complied with modern home-building standards. This appeal is from the trial court's order granting Bell's motion for summary judgment based on expiration of the applicable four-year statutes of limitation, OCGA §§ 9-3-30 and 9-3-31. *Held*:

1. Where fraud by a defendant debars or deters a plaintiff from bringing an action, OCGA § 9-3-96 tolls the statute of limitation until the plaintiff discovers the fraud. And while the fraud described in this Code section must be actual fraud, or fraud involving moral guilt or any artifice by which another is deceived, "[a] confidential relationship between the parties . . . lessens, if not negates, the necessity for showing [such] actual fraud. *Sutlive v. Hackney*, 164 Ga. App. 740, 741 (297 SE2d 515) (1982)." *Arnall, Golden & Gregory v. Health Svc. Centers*, 197 Ga. App. 791, 793 (2) (399 SE2d 565). In the case sub judice, the trial court found, as a matter of law, that a confidential relationship did not exist between Gilmore and Bell so as to toll the statute of limitation.

The existence of a confidential relationship depends heavily upon the circumstances of each case and is therefore an issue best suited for resolution by a jury. See Adams & Adams, Ga. Law of Torts (1995 ed.), § 32-3. Further, in determining whether genuine issues of material fact remain as to the existence of a confidential relationship, all the law requires is a showing of a relationship which justifies the reposing of confidence by one party in another. *Cochran v. Murrah*, 235 Ga. 304, 307 (219 SE2d 421). The evidence in the case sub judice not only reveals that Bell and Gilmore were trusted friends, college fraternity brothers and business associates, there is proof that Bell held himself out as builder of the house in question when he guaranteed Gilmore about the construction and quality of

the house's foundation. There is also proof that Bell was serving as Gilmore's real estate agent when he issued this assurance. These circumstances alone are sufficient to authorize a jury's finding that a confidential relationship existed between Bell and Gilmore so as to toll the statute of limitation. Accordingly, since Gilmore filed the case sub judice less than four years after he allegedly discovered that his house's foundation was not constructed as Bell said, the trial court erred in granting Bell's motion for summary judgment based on expiration of the statutes of limitation, OCGA §§ 9-3-30 and 9-3-31.

2. It is unnecessary to address Gilmore's enumeration of error relating to the trial court's application of the evidentiary rule set out in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680), because we did not consider Gilmore's allegedly conflicting affidavit.

*Judgment reversed. Senior Appellate Judge Harold R. Banke concurs. Ruffin, J., concurs in the judgment only.*

DECIDED OCTOBER 28, 1996 —
RECONSIDERATION DENIED NOVEMBER 13, 1996 — ▮▮▮▮▮▮▮

*Caldwell & Watson, Wade H. Watson III, David L. Mincey,* for appellant.

*Jones, Cork & Miller, Jerry A. Lumley, John A. Dana,* for appellees.