A97A0446. FRAME et al. v. HUNTER, MACLEAN, EXLEY & DUNN, P.C.

(488 SE2d 713)

McMURRAY, Presiding Judge.

Plaintiffs Christopher K. Frame, Rosemary Frame and C. F., Inc. filed this legal malpractice action against Hunter, Maclean, Exley & Dunn, P.C. ("HME&D") alleging substandard disclosure practices during a closing transaction involving transfer of various businesses to Golden Isles Petroleum, Inc. ("Golden Isles"). Plaintiffs alleged HME&D's failure to include an accurate financial statement in the closing package, reflecting the businesses' true value, provided Golden Isles with the basis for a federal lawsuit which resulted in a $585,000 jury verdict against Christopher K. Frame and C. F., Inc. for securities fraud and sales contract violations. Because plaintiffs filed their complaint more than four years after the law firm's alleged malpractice, HME&D moved for summary judgment based upon expiration of the applicable statute of limitation. Plaintiffs pertinently argued, in defense, that the statute of limitation tolled because HME&D — taking advantage of a long-term confidential relationship with Christopher K. Frame and his family — lulled the Frames into not understanding HME&D's alleged malpractice until the eve of the Golden Isles jury trial, on or about May 12, 1992. The trial court did not agree and granted HME&D's motion for summary judgment. We reverse because proof that attorney-client confidences (which may have actually diverted attention away from the law firm's alleged malpractice) remaining between HME&D and the Frames during the Golden Isles lawsuit raises genuine issues of material fact as to the tolling of the statute of limitation.

The trial court entered a detailed summary judgment order which includes undisputed findings of fact. These findings as well as other pertinent matters of record, either quoted or construed accord-

ing to the standard prescribed in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474), reveal the following: Christopher K. Frame and his spouse, Rosemary Frame, are the owners, officers and sole stockholders of C. F., Inc., a holding company which formerly owned a wholesale gasoline jobbership known as Wes Frame, Inc. In the fall of 1988, Christopher K. Frame began negotiating with Golden Isles to sell Wes Frame, Inc.'s assets and other related convenience store businesses. HME&D, a law firm which had "been representing [Christopher K. Frame, the Frame] family and the above-mentioned [business] entities for general legal matters since the early 1970's," represented the Frames during these negotiations and, on April 25, 1989, conducted a closing whereby Golden Isles acquired Wes Frame, Inc. and the convenience store entities.[1] The deal soured, however, when Golden Isles discovered that Wes Frame, Inc. was worth considerably less than the closing documents revealed.

Although HME&D failed to include a financial statement in the closing package which would have disclosed Wes Frame, Inc.'s true value, the HME&D lawyer in charge of the closing assured Christopher K. Frame that this omission did not expose him to liability and then attempted to resolve the Golden Isles dispute. When these efforts failed, Golden Isles filed an action against Christopher K. Frame and C. F., Inc. (on July 27, 1990) in the United States District Court for the Southern District of Georgia, seeking damages for securities fraud, breach of contract and misappropriation of funds. Golden Isles' complaint "alleges inappropriate acts by [Christopher K. Frame] and C. F., Inc. surrounding the negotiations and transaction that was finalized on April 25, 1989."

HME&D advised Christopher K. Frame that the firm "would not be able to represent him in the [Golden Isles] lawsuit because potentially [its lawyers] would be witnesses and the rule is that you cannot be both the witness and the lawyer in the same lawsuit." Christopher K. Frame thereafter retained the services of a law firm which HME&D recommended and answered the Golden Isles' complaint. This change, however, did not end Christopher K. Frame's confidential reliance on HME&D's advice. "Hunter, Maclean represented [Christopher K. Frame] and C. F., Inc. throughout this litigation[, advising Frame as to] the appropriateness of all actions surrounding the negotiations and closing transactions [that were finalized on April 25, 1989]." Specifically, "[t]hroughout the litigation, [HME&D] advised [Christopher K. Frame] that [he] had no exposure to legal liability from the suit brought by Golden Isles. [This advice changed,

---

[1] HME&D also represented C. F., Inc. and the convenience store entities. For ease and brevity, however, we refer to Christopher K. Frame only in reference to these fiduciary bonds.

however, on] or around the 12th of May, 1992[,] which was on the eve of . . . trial, [when HME&D] for the first time related to [Frame] that [it] made an error in the [Golden Isles closing] transaction documents which exposed [him] to liability." This point was highlighted during the federal jury trial which followed. The HME&D lawyer in charge of the Golden Isles closing testified that "a clerical error" resulted in omission of a financial statement which would have accurately disclosed Wes Frame, Inc.'s value. This testimony and other evidence adduced at trial resulted in a $585,000 jury verdict against Christopher K. Frame and C. F., Inc. for securities fraud and breach of contract. *Held*:

1. "Where fraud by a defendant debars or deters a plaintiff from bringing an action, OCGA § 9-3-96 tolls the statute of limitation until the plaintiff discovers the fraud. And while the fraud described in this Code section must be actual fraud, or fraud involving moral guilt or any artifice by which another is deceived, '(a) confidential relationship between the parties . . . lessens, if not negates, the necessity for showing (such) actual fraud. *Sutlive v. Hackney*, 164 Ga. App. 740, 741 (297 SE2d 515) (1982).' *Arnall, Golden & Gregory v. Health Svc. Centers*, 197 Ga. App. 791, 793 (2) (399 SE2d 565)." *Gilmore v. Bell*, 223 Ga. App. 513, 514 (1) (478 SE2d 609). This critical aspect of the parties' relationship in the case sub judice, however, is not the nucleus of the trial court's comprehensive summary judgment order.

The trial court, citing *Riddle v. Driebe*, 153 Ga. App. 276 (265 SE2d 92), and *Frates v. Sutherland, Asbill & Brennan*, 164 Ga. App. 243 (296 SE2d 788), granted HME&D's motion for summary judgment concluding that the law firm's assurances to Christopher K. Frame, regarding his liability to Golden Isles and (apparently) the benign effects of the law firm's omission of an accurate financial statement at closing, were expressions of opinions which do not establish the type of fraud required to toll the statute of limitation under OCGA § 9-3-96. In both *Riddle* and *Frates*, however, attorney-client confidences were severed when the defendant lawyers expressed their views as to the quality and effect of their legal services. The circumstances are different in the case sub judice. Indeed, just as in *Arnall, Golden & Gregory v. Health Svc. Centers*, 197 Ga. App. 791, 793 (2), supra, plaintiffs have filed proof that HME&D's confidential relationship with Christopher K. Frame remained (at least until the eve of Golden Isles' federal jury trial) and that HME&D's advice to Christopher K. Frame during this time actually lulled the Frames into not understanding the quality and effect of HME&D's prior legal services.

"The existence of a confidential relationship depends heavily upon the circumstances of each case and is therefore an issue best suited for resolution by a jury. See Adams & Adams, Ga. Law of Torts

(1995 ed.), § 32-3. Further, in determining whether genuine issues of material fact remain as to the existence of a confidential relationship, all the law requires is a showing of a relationship which justifies the reposing of confidence by one party in another. *Cochran v. Murrah*, 235 Ga. 304, 307 (219 SE2d 421)." *Gilmore v. Bell*, 223 Ga. App. 513, 514 (1), supra. In the case sub judice, plaintiffs' evidence shows that HME&D had been Christopher K. Frame's legal representative for at least 20 years before the Golden Isles closing; that HME&D represented Christopher K. Frame and C. F., Inc. when the Golden Isles deal started crumbling (i.e., allegedly because the Frames had irregularly diverted cash from Wes Frame, Inc. prior to closing); that HME&D maintained close contact with Christopher K. Frame during Golden Isles' federal lawsuit; and that HME&D advised Christopher K. Frame, during the Golden Isles action and until the time of trial, "that [he] had no exposure to legal liability from the suit brought by Golden Isles." This evidence alone is sufficient to authorize a finding that a confidential relationship existed between Christopher K. Frame and HME&D so as to toll the statute of limitation. See *Arnall, Golden & Gregory v. Health Svc. Centers*, 197 Ga. App. 791, 793 (2), supra. Accordingly, the trial court erred in granting HME&D's motion for summary judgment.[2]

2. Our holding in Division 1 renders it unnecessary to address plaintiffs' remaining enumeration of error.

*Judgment reversed. Beasley and Eldridge, JJ., concur. Smith, J., disqualified.*

DECIDED JULY 9, 1997 —

Savage & Turner, Robert B. Turner, Robert S. Kraeuter, Shapiro, Fussell, Wedge, Smotherman & Martin, Robert B. Wedge, Mary L. Hahn, for appellants.

Oliver, Maner & Gray, Patrick T. O'Connor, Timothy D. Roberts, Warlick, Tritt & Stebbins, William B. Warlick, for appellee.

---

[2] Although proximate cause is not an issue in the case sub judice, we observe that "a client may recover for legal malpractice only if the negligence of the attorney proximately caused damage to the client. *Crowley v. Trust Co. Bank &c.*, 219 Ga. App. 531, 532 (466 SE2d 24) (1996)." *Morris v. Atlanta Legal Aid Society*, 222 Ga. App. 62, 65 (4) (473 SE2d 501).