## A98A0016. AUBURN MARANATHA INSTITUTE, INC. v. GEORGIA KOREAN CHURCH.
### (501 SE2d 846)

BEASLEY, Judge.

Following a bench trial, the court entered judgment awarding Auburn Maranatha Institute, Inc. (AMI) possession of property owned by it and used by Georgia Korean Church (GKC) as a place of worship. The court refused to award any rent to AMI and awarded GKC sums it had spent in improving the property. AMI appeals.

GKC is an unincorporated association of Seventh Day Adventists and a congregational unit of the South Atlantic Conference of Seventh Day Adventists (SACA). AMI is a non-profit organization which owns real estate. Lee was president of AMI and also the pastor of GKC from 1982 until 1989. In 1988, GKC moved to a church facility consisting of two buildings located on acreage owned by AMI. Most GKC members believed, based on Lee's statements, that they were given free use of the facility as their worship place until the return of Christ. They proceeded to make permanent improvements to the property at a cost of $84,125.85.

In 1994, AMI notified GKC that it would be required to pay rent in the amount of $700 per month or surrender possession of the premises. When rent was not forthcoming, AMI instituted this proceeding against GKC to obtain possession of the premises, as well as past-due and future rent. GKC answered and filed a counterclaim which, among other things, charged AMI with fraud and asserted that it had been unjustly enriched by the value of AMI's improvements. AMI moved to dismiss on various grounds, including the statute of limitation. The court permitted SACA to intervene.

Judgment was entered in favor of GKC in the principal sum of $84,125.85. Although the court found no evidence of intentional fraud by anyone, it ruled that GKC was entitled to an award in an amount equal to its costs in improving the property based on its unjust enrichment theory.

1. AMI first enumerates error in a ruling by the court that Lee's failure to correct the church members' misunderstanding about their right to use the church facilities constituted a breach of the confidential relationship he occupied with them.

(a) AMI challenges the sufficiency of the evidence to establish the existence of a confidential relationship between Lee and GKC. But "[i]t can be found that a clergyman occupies a confidential rela-

tionship toward a member of his church. [Cits.]"[1]

(b) AMI argues that the court's ruling is contrary to the rule of law stated in *Hodges v. Mayes*, that "where an agent represents two adverse parties in a transaction with the knowledge and consent of both, neither principal is liable to the other for the tortious acts of the agent so situated where the opposite principal is not in complicity with the agent or in no way participates in the tortious act."[2]

Assuming that Lee acted as agent for the church congregation with regard to construction of the improvements to the church, the evidence authorized a finding that AMI was complicitous in his tortious acts. Lee admitted knowing that members of the church congregation had made the improvements believing they had, more or less, the indefinite right to use the facilities. He rationalized that, as president of AMI, his intent was to allow such an arrangement only so long as good relations existed between AMI and the congregation. *Hodges* is thus distinguishable.

(c) Since the trial court based its decision on unjust enrichment and not fraud, AMI's argument that the evidence shows the absence of the required elements of fraud is irrelevant. In ruling on certain pretrial motions, the court preliminarily found that a legal contract existed between AMI and GKC. But in its final judgment, after a change in the evidentiary posture, the court found that no such contract existed. "[T]he theory of unjust enrichment applies when as a matter of fact there is no legal contract . . ., but where the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefited party equitably ought to return or compensate for."[3]

2. AMI contends the trial court's decision is contrary to *Engram v. Engram*.[4] That case is not on point because there the owner had told the tenant who was now claiming unjust enrichment that she should not make improvements to property that did not belong to her, she said it would not cost the owner "a dime," and the tenant did not establish that the improvements conferred any benefit on the owner by enhancing the value of the property.

AMI acknowledges that Lee told various members of his congregation that GKC could use the facility at no cost until the return of Christ. Lee admitted that the value of AMI's property was enhanced in an amount at least equal to the money spent on the improvements.

---

[1] *Bryan v. Norton*, 245 Ga. 347, 348 (1) (265 SE2d 282) (1980); see generally OCGA § 23-2-58; *Frame v. Hunter &c.*, 227 Ga. App. 169, 171 (1) (488 SE2d 713) (1997); compare *Thomas v. Eason*, 208 Ga. 822, 827 (3) (69 SE2d 729) (1952).

[2] 240 Ga. 643, 644 (1) (242 SE2d 160) (1978).

[3] (Citation and punctuation omitted.) *Smith v. McClung*, 215 Ga. App. 786, 789 (3) (452 SE2d 229) (1994).

[4] 265 Ga. 804, 806 (2) (463 SE2d 12) (1995).

3. AMI asserts as error the trial court's refusal to award it rent.

The court ruled, as a matter of law and equity, that AMI was not entitled to rent from the church. It based this on determinations that no evidence was presented to establish the reasonable rental value of the premises and that there was no meeting of the minds between AMI and GKC as to any right to GKC's use of the AMI facility as a worship place.

Evidence of rental value was provided by GKC treasurer Kim, who testified that the reasonable rental value of the church was $100 per week. In that GKC was awarded reimbursement for the expense of improvements, AMI was due rent in a reasonable amount after it put GKC on notice that it was no longer entitled to occupy the premises free of charge. See OCGA § 44-7-5. Since AMI was required by OCGA § 44-7-7 to give GKC 60 days' notice in order to terminate the gratuitous tenancy at will, AMI had a right to its choice of either possession of the premises or rent beginning 60 days after its demand. GKC has acknowledged that rental in the amount of $100 per week would be reasonable.

4. AMI's final enumeration has been withdrawn.

The trial court's award to GKC of its costs in improving the property is affirmed. To the extent the court refused to award AMI rent of $100 per week beginning 60 days after its demand for possession or rent until GKC vacated the premises, the judgment is reversed.

*Judgment affirmed in part and reversed in part. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 17, 1998 —
RECONSIDERATION DENIED MAY 4, 1998.

*David W. Graybeal, Jr.*, for appellant.
*Cochran, Camp & Snipes, Randall J. Sauder, James B. Gordon*, for appellee.