A97A0446. FRAME et al. v. HUNTER, MACLEAN, EXLEY & DUNN, P.C.
(511 SE2d 585)

MCMURRAY, Presiding Judge.

In *Frame v. Hunter, Maclean, Exley & Dunn, P.C.*, 227 Ga. App. 169 (488 SE2d 713), we reversed the trial court's grant of summary judgment in this legal malpractice action, holding that Hunter, Maclean, Exley & Dunn, P.C.'s ("the firm") continued relationship after withdrawing as Christopher Frame's and Rosemary Frame's long-time family lawyer, while assuring the Frames that they would not suffer damages as a result of the firm's alleged malpractice, would authorize a finding that the statute of limitation was tolled. Id. at 171 (1), supra. The Supreme Court of Georgia granted certiorari and reversed our decision in *Hunter, Maclean, Exley & Dunn, P.C. v. Frame*, 269 Ga. 844, 851 (2) (507 SE2d 411) directing that, "[o]n remand, the Court of Appeals [of Georgia] may consider justiciable issues previously raised, but not decided, in that Court." Id. Accordingly, our judgment in the case sub judice is vacated and the judgment of the Supreme Court of Georgia is hereby made the judg-

ment of this Court. This disposition conceives a threshold issue in the Frames' remaining assertion that "[t]he trial court erred in holding that the verbal tolling agreement between counsel for the parties [is] unenforceable."

Before the applicable statute of limitation on the Frames' malpractice claim expired on April 24, 1993, the firm executed a written tolling agreement extending this limitation period to April 24, 1994.[1] The attorney who negotiated this agreement for the Frames ("the Frames' former attorney") deposed that the firm's lawyer verbally agreed in March 1994 to extend the first tolling agreement to October 1, 1994. While the firm's lawyer denies that he entered into such a verbal agreement, it is undisputed that the Frames' former attorney reduced the second tolling agreement to writing; that the opposing parties executed this document and that the agreement reflected therein provides for expiration of the applicable statute of limitation on April 23, 1994 — not October 1, 1994. The Frames' former attorney deposed that omission of the October 1, 1994, statute of limitation extension date "was inadvertently omitted" from the second tolling agreement due to "an error in drafting."

Citing *Gen. Communications Svc. v. Ga. Pub. Svc. Comm.*, 149 Ga. App. 466 (254 SE2d 710), affirmed in *Ga. Pub. Svc. Comm. v. Gen. Communications Svc.*, 244 Ga. 855 (262 SE2d 96), the Frames contend their detrimental reliance on the alleged verbal tolling agreement compels enforcement of the understanding. We do not agree.

In *Gen. Communications*, this Court held that detrimental reliance on a verbal understanding between counsel may equitably preclude OCGA § 15-19-5's requirement that such agreements be made in writing. But unlike the circumstances in *Gen. Communications*, the alleged verbal tolling agreement in the case sub judice was reduced to writing. The controlling issue, then, is whether this writing is subject to reformation based on the Frames' assertion that a "mutual mistake" caused the second written tolling agreement not to reflect the parties verbal understanding that the statute of limitation would be extended to October 1, 1994.

" 'A mistake relievable in equity is some unintentional act, omission, or error arising from ignorance, surprise, imposition, or misplaced confidence.' OCGA § 23-2-21. Where reformation is sought on the ground of mutual mistake, it must, of course, be proved to be the mistake of both parties. *Layfield v. Sanford*, 247 Ga. 92, 93 (274 SE2d 450) (1981). We have examined the record in [the case sub

---

[1] It is undisputed that this agreement mistakenly designates April 24, 1993, as the statute of limitation extension date.

judice] and find no evidence of mutual mistake. '(E)quity will reform a written instrument for the unilateral mistake of one party accompanied by fraud or inequitable conduct on behalf of the other party.' *Layfield* at 93. There is likewise no evidence of fraud or inequitable conduct in the record before us. Further, if a party by reasonable diligence could have known the truth, the instrument will not be reformed. *Martin v. Heard*, 239 Ga. 816 (238 SE2d 899) (1977)." *A. J. Concrete Pumping v. Richard O'Brien Equip. Sales*, 256 Ga. 795, 796 (1) (353 SE2d 496). Since it appears in the case sub judice that Christopher Frame had opportunity to examine the second written tolling agreement before he executed it and since there is no suggestion that the alleged mistake in this agreement (omission of the purported October 1, 1994, statute of limitation extension date) was anything other than a unilateral mistake on the part of the Frames, there remains no basis for reforming the parties' second written tolling agreement. A party may not defend a claim on the ground of mistake of fact where it appears that the mistake was the result of his own negligence. See *Prince v. Friedman*, 202 Ga. 136, 138 (1), 140 (2) (42 SE2d 434).

The trial court did not err in granting the firm's motion for summary judgment.

*Judgment affirmed. Eldridge, J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

Although I do not concur in the analysis, I concur in the judgment because the issue the court decides is moot insofar as this Court's jurisdiction is concerned. The Supreme Court of Georgia, in reversing this Court, states at the end of its opinion that "[the statute of limitation] was tolled until April 23, 1994, by the written tolling agreement." *Hunter, Maclean, Exley & Dunn, P.C. v. Frame*, 269 Ga. 844, 851 (507 SE2d 411) (1998). The Supreme Court did not leave open the possibility that the agreement was subject to reformation to add a further extension to October 1 due to mutual mistake. As pointed out by it, the action was not filed until September 26. The Court held that the action was accordingly time barred. That forecloses the further consideration of the contention that what was in fact intended by the parties was an extension to October 1.

DECIDED FEBRUARY 4, 1999.

*Savage, Herndon & Turner, Robert B. Turner, Robert S. Kraeuter, Shapiro, Fussell, Wedge, Smotherman & Martin, Robert B. Wedge, Mary L. Hahn*, for appellants.

*Oliver, Maner & Gray, Patrick T. O'Connor, Timothy D. Roberts,*

*Warlick, Tritt & Stebbins, William B. Warlick, King & Spalding, Byron Attridge,* for appellee.