## A01A0018. YARBROUGH v. KIRKLAND.
(548 SE2d 670)

ELLINGTON, Judge.

Cliffeen Yarbrough appeals the trial court's order granting Patrick B. Kirkland's motion for summary judgment on Yarbrough's claims for fraud and indemnification arising from a real estate transaction. Yarbrough also appeals the trial court's earlier order denying

---

[11] *Wright v. State*, 232 Ga. App. 104, 105 (1) (501 SE2d 543) (1998).
[12] *Wilcox*, supra, 229 Ga. App. at 230 (1).

her motion to strike Kirkland's complaint and his responses to her request for admissions as the sanction for Kirkland's failure to comply with the court's discovery orders. For the reasons which follow, we affirm the trial court's order denying Yarbrough's motion to strike Kirkland's complaint but reverse the order granting Kirkland's motion for summary judgment.

1. Yarbrough contends the trial court abused its discretion in denying her motion to strike Kirkland's complaint and his responses to her request for admissions. OCGA § 9-11-37 (b) (2) grants trial courts "a very broad discretion . . . in applying sanctions against disobedient parties in order to assure compliance with the orders of the courts" with regard to the conduct of discovery. (Citations and punctuation omitted.) *Joel v. Duet Holdings*, 181 Ga. App. 705, 707 (353 SE2d 548) (1987). Such sanctions may include dismissing a complaint, entering default, declaring designated facts to be established for the purposes of the action, or ordering the disobedient party to pay the reasonable expenses, including attorney fees, caused by the failure to respond. OCGA § 9-11-37 (b) (2). "As a general rule, the trial court should attempt to compel compliance with its orders through the imposition of lesser sanctions than dismissal." (Citation omitted.) *Joel v. Duet Holdings*, 181 Ga. App. at 707. The drastic sanctions of dismissal and default may be imposed only "in the most flagrant cases — where the failure is wilful, in bad faith or in conscious disregard of an order." (Citation and punctuation omitted.) Id. Our appellate courts will not "interfere with a trial court's exercise of its discretion in absence of abuse." (Citations and punctuation omitted.) Id.

In this case, the trial court found, based in part on Kirkland's affidavit, that there was no evidence that his failure to comply with the court's earlier orders compelling his complete response to Yarbrough's discovery requests was the result of intent or ill will. The trial court imposed sanctions in the amount of $1,000 for Kirkland's delay in responding to Yarbrough's discovery requests. Based on our review of the record, we conclude Yarbrough failed to show that the trial court abused its discretion in imposing lesser sanctions than dismissal and default. See *Gen. Motors Corp. v. Conkle*, 226 Ga. App. 34, 45-46 (1) (486 SE2d 180) (1997).

2. Yarbrough contends questions of fact remain for resolution by a jury on the issue of justifiable reliance. Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may meet its burden in moving for summary judgment by showing the court that the documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential

element of plaintiff's case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review is de novo, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Viewed in the light most favorable to Yarbrough, the evidence shows the following facts: In April 1995, Kirkland solicited Yarbrough to invest in real estate with his company, The Baxter Group, Inc. On or about May 4, 1995, Kirkland proposed that Yarbrough purchase a four-bedroom single-family house located at 1453 Midview Drive, Decatur, DeKalb County. In exchange for a percentage of the rental income, the Baxter Group would renovate the house, furnish the units and common areas, and then manage the property as a boarding house. Kirkland offered to pay the mortgage until the house was ready to produce rental income. Kirkland showed Yarbrough a document called a "Pro Forma," which showed the monthly income he predicted the property would generate as a ten-unit boarding house. Kirkland also showed Yarbrough an appraisal of 1453 Midview Drive which valued the property (as a single-family home) at $147,500. That day, May 4, 1995, Yarbrough entered into a contract to purchase 1453 Midview Drive from the Baxter Group for $147,500. At that time, the Baxter Group did not own the property but bought it from the previous owner on May 16, 1995, for $76,000.

On May 23, 1995, Yarbrough and the Baxter Group closed on the purchase and sale of the property for $147,500. Kirkland received a loan origination fee and other compensation as the mortgage broker. Addendum A to the purchase contract provided that the Baxter Group would create ten bedrooms and three bathrooms in the house and provide certain furnishings for the boarding house. Addendum A also provided: "The Baxter Group, Inc. will manage said property and do all leasing for 15% of the gross income. We will collect the rent and forward such rent to purchaser on a weekly basis. The Baxter Group, Inc. will deduct from the rent the amount of mortgage payment and forward such amount to the mortgage company."

The Baxter Group completed the remodeling and began operating the property as a boarding house. On August 8, 1995, Yarbrough received notice from DeKalb County that the property was not zoned to operate as a boarding house. Yarbrough stopped making mortgage payments, and, in July 1996, Headlands Mortgage Company foreclosed on the property. The Superior Court of DeKalb County confirmed the sale, finding the property was sold for its fair market value of $58,000, and Headlands obtained a $128,063 deficiency judgment against Yarbrough.

Yarbrough framed her claim against Kirkland in terms of five theories of recovery: (1) fraud, (2) punitive damages, (3) Georgia

Racketeer Influenced & Corrupt Organizations Act[1] violations, (4) attorney fees, and (5) indemnification. Yarbrough bases her claim for fraud on grounds that Kirkland knowingly made misrepresentations to her prior to the sale of the property, as to: (1) the zoning or usage of the property as a boarding house; (2) the potential income that could be derived from the property as a boarding house; and (3) the value of the property. The trial court determined that Yarbrough could not prevail on any of her theories of recovery unless she proved the underlying fraud claim. The trial court determined that Yarbrough could not satisfy the essential element of justifiable reliance because she conducted no independent investigation as is required in a real estate transaction.[2] The trial court concluded that information about the zoning status of the property was readily available from DeKalb County.

Yarbrough contends that her reliance on Kirkland's representations was in fact justified because there was a confidential relationship between the parties in that Kirkland acted as her management agent and mortgage broker. Under Georgia law, a confidential relationship imposes a greater duty on the parties to reveal what should be revealed and a lessened duty to discover independently what could have been discovered through the exercise of ordinary care. *Hunter, Maclean, Exley &c., P.C. v. Frame*, 269 Ga. 844, 847-848 (507 SE2d 411) (1998).

The trial court concluded that any confidential relationship came to exist only when Kirkland signed the management agreement which occurred after the representations were made.[3] Even assuming a confidential relationship, the trial court rejected Yarbrough's claim of justifiable reliance based on Yarbrough's failure to independently assess Kirkland's management abilities prior to entering into a confi-

---

[1] See OCGA § 16-14-1 et seq.

[2] "[T]he law in Georgia is well-settled that in the purchase and sale of real estate there is an underlying principle of law to the effect that one cannot be permitted to claim that he has been deceived by false representations about which he could have learned the truth of the matter and could have avoided [the] damage." (Citations and punctuation omitted.) *Hanlon v. Thornton*, 218 Ga. App. 500, 501-502 (1) (462 SE2d 154) (1995) (affirming the trial court's grant of summary judgment in favor of the sellers and holding that, in the absence of a confidential relationship, the purchaser's failure to exercise any independent effort to determine the true value of the property precluded a showing of justified reliance). See also *Hill v. Century 21 Max Stancil Realty*, 187 Ga. App. 754, 756 (2) (371 SE2d 217) (1988) (affirming the trial court's grant of summary judgment due to purchaser's failure to ascertain for himself the zoning status of the property); *Charter Med. Mgmt. Co. v. Ware Manor*, 159 Ga. App. 378, 380-381 (2) (283 SE2d 330) (1981) (buyer's failure to independently verify the accuracy of a representation regarding income that could be derived from property required summary judgment on fraud claim).

[3] See *William Goldberg & Co. v. Cohen*, 219 Ga. App. 628, 636-637 (6) (a) (466 SE2d 872) (1995) (finding no fraud where confidential relationship may have existed prior to the transaction but had ended by the time the alleged misrepresentations were made).

dential relationship.

A fiduciary or confidential relationship arises "where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith, such as the relationship between partners, principal and agent, etc." OCGA § 23-2-58. The party asserting the existence of a fiduciary or confidential relationship bears the burden of establishing its existence. *O'Neal v. Home Town Bank of Villa Rica*, 237 Ga. App. 325, 330 (5) (514 SE2d 669) (1999). When a fiduciary or confidential relationship is not created by law or contract, we must examine the facts of a particular case to determine if such a relationship exists. *Cochran v. Murrah*, 235 Ga. 304, 306-307 (219 SE2d 421) (1975). Although a buyer is generally not justified in relying on a seller's claims regarding real estate,[4] a jury issue may exist as to whether a confidential relationship between the parties abrogates the general rule. *Gilmore v. Bell*, 223 Ga. App. 513, 514 (1) (478 SE2d 609) (1996). Because a confidential relationship may be found whenever one party is justified in reposing confidence in another, the issue of whether a confidential relationship has been created is ordinarily reserved for the jury. Id.

In this case, Yarbrough presented evidence that Kirkland made the allegedly fraudulent representations about the value of the property, the use of the property as a boarding house, and the potential income that could be derived from that use as part of the same communication in which he offered to act as her agent in procuring the mortgage, overseeing the renovation, and operating the boarding house. Yarbrough's decision to buy the property was based on her confidence that the property could be used in the way Kirkland suggested and that Kirkland would rent the property on her behalf as he agreed to do. Further, Kirkland encouraged Yarbrough's confidence by such conduct as telling her that he would take care of "everything," including getting a termite inspection and a roof inspection, and that she did not need to consult an attorney. Based on the circumstances presented here, we find that a jury issue exists regarding whether Kirkland and Yarbrough were in a confidential relationship at the time of the alleged fraud. *Pope v. Propst*, 179 Ga. App. 211, 215-216 (6) (345 SE2d 880) (1986) (jury issue as to whether housing inspector used his position to defraud homeowner into selling house to him for a price below market value). Because the evidence construed in Yarbrough's favor presented a jury issue regarding whether a confidential relationship existed between the parties such that Yar-

---

[4] See note 2, supra.

brough justifiably relied on Kirkland's representations about the property, the trial court erred in granting Kirkland's motion for summary judgment. *Capriulo v. Bankers Life Co.*, 178 Ga. App. 635, 639-640 (2) (344 SE2d 430) (1986).

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Ruffin, J., concur.*

DECIDED MAY 8, 2001.

*William H. Arroyo*, for appellant.

*Friedman, Dever & Merlin, H. Michael Dever, Michael F. O'Neill,* for appellee.