## 42769. FULGHUM et al. v. KELLY.
(340 SE2d 589)

GREGORY, Justice.

Glenda Kelly brought a wrongful death action against Kevin and Gene Fulghum for the death of her son. Mrs. Kelly filed suit both individually and as administratrix of her son's estate. The trial court denied the Fulghum's motion for partial summary judgment to dismiss claims made by Mrs. Kelly in her individual capacity. The Court of Appeals denied an application for interlocutory appeal. We granted certiorari and now affirm the judgment of the trial court.

Mrs. Kelly's son was a passenger in a vehicle driven by Randall Andrews. The automobile collided with another driven by Kevin Fulghum. Mrs. Kelly alleges in this action Fulghum is liable for her son's death.

Soon after the collision Mrs. Kelly and her former husband presented a claim to the Royal Insurance Company, which is Andrews' insurer. Mr. Kelly talked by telephone with Bernard Smith, a

claims examiner in Royal's Atlanta office. Smith offered to pay the Kellys $10,000 if they would sign a liability release. Mr. Kelly agreed. The agent then sent a copy of the proposed "release" to Travis Moon, an insurance agent in Lavonia who had authority to adjust claims for Royal. After talking to Moon, the Kellys signed the agreement and accepted the money. The agreement stated it was for the "final release and discharge" of all claims against "William Kelly (Randall's father) and any other person, corporation, association or partnership charged with responsibility for injuries to the person and property of the Undersigned and the treatment thereof, and the consequences flowing therefrom, as a result of an accident, casualty or event which occurred on or about the 24th day of September 1983 at or near Danielsville, Ga. . . ." The Kellys testified in their depositions agent Moon advised them the release would bar only legal action against the Andrews and Royal. In an affidavit, Moon admits he stated that the release would not prevent further legal action against others involved in the accident. However, in a later deposition, Moon said he did not recall making such statements.

Several days after signing the agreement, the Kellys told Moon they wanted to return the $10,000 and have a new release prepared stating specifically that only the Andrews and Royal would be released from liability. Royal refused to prepare a new release or accept the money. Soon after, Mrs. Kelly filed suit against the Fulghums.

The trial court found Mrs. Kelly had executed a general release and that such releases normally relinquish any claims against joint tortfeasors even if not parties to the agreement. However, the trial court ruled an exception to the rule exists when the parties to the release are honestly mistaken as to the legal effect of the instrument. The court then said parol evidence is admissible to show parties to the release were honestly mistaken and denied the motion for partial summary judgment. *Held:*

The Fulghums claim the trial court erred in denying their motion for summary judgment. They contend the Kellys signed an unambiguous general release discharging them of any liability, and they were thus entitled to summary judgment.

"It is a well-established principle in law that a release of one joint tortfeasor is a release to all." *Revis v. Forsyth County Hosp. Auth.*, 170 Ga. App. 366, 367 (317 SE2d 237) (1984). However, Georgia courts have also recognized a covenant not to sue, which allows the injured party to settle a claim against one joint tortfeasor without automatically releasing other joint tortfeasors. *Revis*, supra. See also *Weems v. Freeman*, 234 Ga. 575 (216 SE2d 774) (1975).

Mrs. Kelly argues the contracting parties had been mistaken as to the legal effect of the document signed. She claims Moon, based on his representations, obviously believed as she did that the agreement

would relinquish claims only against Andrews and Royal.

"An honest mistake of the law as to the effect of an instrument on the part of both contracting parties, when the mistake operates as a gross injustice to one and gives an unconscionable advantage to the other, may be relieved in equity." OCGA § 23-2-22. This principle has been applied to releases in *Roberson v. Henderson Chemical Co.*, 171 Ga. App. 722 (3) (320 SE2d 835) (1984) and *Vann v. Williams*, 165 Ga. App. 457 (299 SE2d 908) (1983). In those cases, the parties had signed a general release intending to settle only claims for property damage. Later, when one party sought to avoid liability for bodily injury based on the release, the courts allowed parol evidence to show mutual mistake by the parties. See also *Ga. Farm Bureau Mut. Ins. Co. v. Wall*, 242 Ga. 176, 179 (249 SE2d 588) (1978), which found parol evidence was admissible in a suit for reformation of an insurance contract based on mutual mistake.

Courts may reform a contract if presented with evidence of mutual mistake. OCGA § 23-2-30. But the power in equity to relieve mistakes should be exercised with caution, and the evidence shall be clear, unequivocal and decisive as to the mistake. OCGA § 23-2-21.

Thus, for the court to reform the contract in Mrs. Kelly's case, it must be clearly shown that both she and Royal, through its representatives, were mistaken as to the legal effect of the document in question. As noted above, different consequences will flow from a determination of whether the parties intended to create a release or a covenant not to sue. There was evidence that the Kellys believed the legal effect of the instrument was to create a covenant not to sue. There was evidence Moon held a similar belief. Even if contrary evidence existed, it was not error to deny summary judgment to the Fulghums. See OCGA § 9-11-56.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 4, 1986 —
RECONSIDERATION DENIED APRIL 1, 1986.

*E. Wycliffe Orr,* for appellants.
*Timothy P. Healy, Robert F. Oliver,* for appellee.