601 So.2d 599 (1992)
Gary J. PUNZI, Appellant,
v.
SHAKER ADVERTISING AGENCY, INC., Appellee.
No. 91-04190.
District Court of Appeal of Florida, Second District.
June 12, 1992.
Rehearing Denied July 16, 1992.
*600 Mark A. Hanley and Gregory A. Hearing, Thompson, Sizemore & Gonzalez, Tampa, for appellant.
Roy W. Cohn, Gibbons, Smith, Cohn & Arnett, P.A., Tampa, and Joseph G. Bisceglia, Jenner & Block, Chicago, Ill., for appellee.
PARKER, Judge.
Gary J. Punzi appeals a temporary injunction which prohibits him from soliciting recruitment advertising services from entities for which he had performed those services during the last two years of his employment with his former employer, Shaker Advertising Agency, Inc. We reverse.
Punzi had signed an employment agreement with Shaker in which he agreed that for a period of ten months from the date of termination of his employment with Shaker he would not solicit or perform recruitment advertising services for any entity which placed recruitment advertising with Shaker in the two-year period prior to Punzi's termination. The agreement contained a provision that the law of Illinois would govern the parties' rights and obligations under the agreement.
The first inquiry for this court is which law governs this action. Punzi maintains that Illinois law governs. Shaker argues that Florida law applies. When contracting parties indicate in the contract their intention as to the governing law, any dispute under the contract will be governed by such law as long as it is not against the public policy of the forum state. Dep't of Motor Vehicles v. Mercedez-Benz of N. Am., Inc., 408 So.2d 627 (Fla. 2d DCA 1981). Clearly the parties in this case expressed their intent that Illinois law should govern.
Next we must decide whether Illinois law is contrary to the public policy of Florida. The fact that the law of the forum state is different than the law of the foreign state does not mean that the foreign state's law necessarily is against the public policy of the forum state. Wilkinson v. Manpower, Inc., 531 F.2d 712 (5th Cir.1976). Instead, it is proper for the court to ascertain whether the foreign state's law is harmonious in spirit with the forum state's public policy. Wilkinson. Although the law of Florida and the law of Illinois differ as to what constitutes a protectible business interest, cf. Hapney v. Central Garage, Inc., 579 So.2d 127 (Fla. 2d DCA), review denied, 591 So.2d 180 (Fla. 1991) with Iroquois Indus. Corp. v. Popik, 91 Ill. App.3d 505, 47 Ill.Dec. 279, 415 N.E.2d 4 (Ill. App. 1st Dist. 1980), neither the restrictive covenant nor the law of Illinois is repugnant to the public policy of Florida. In fact, Illinois law in this case works to the advantage of Punzi, a Florida citizen. We, therefore, will apply Illinois law to this case.
The restrictive covenant in this case would not be enforceable under Illinois law because Illinois law does not recognize the interest that Shaker seeks to protect. An employer may enforce a restrictive covenant in Illinois only to protect *601 one of two of the following interests: a near-permanent customer base or confidential information. Medline Indus., Inc. v. Grubb, 670 F. Supp. 831 (N.D.Ill. 1987). The trial court's injunction in the instant case did not involve confidential information. We, therefore, are concerned with whether Shaker had a protectible interest in its customers. A customer base is considered near permanent if the employer can demonstrate that the employer had a long-standing relationship with its customers, that the employer exceeded traditional bounds of salesmen responsibility to develop its customer base, and that the employee would not have had contact with the customer but for his relationship with the employer. Medline. Concededly this was not the case with Shaker. In Iroquois Industries Corp. v. Popik, 91 Ill. App.3d 505, 47 Ill.Dec. 279, 415 N.E.2d 4 (Ill. App. 1st Dist. 1980), a case very similar to the instant case, the employer argued that the employee obligated himself to the restrictions set out in the contract when he signed the contract.[1] The court, however, found that the employer had no protectible interest in the customers and that enforcement of the covenant would prevent competition per se. Thus, we conclude that the covenant in the instant case would not be enforceable under Illinois law and, therefore, vacate the temporary injunction.
Reversed and remanded for additional proceedings consistent with this opinion.
RYDER, A.C.J., and PATTERSON, J., concur.
NOTES
[1] Popik's contract prohibited him upon his termination from contacting actual or prospective customers of the former employer with whom he had called upon while working for the former employer.