KIPIN INDUSTRIES, INC.,
Plaintiff–Appellant,

v.

VAN DEILEN INTERNATIONAL, INC.; United Fidelity Corporation, Defendants–Appellees.

No. 98–1277.

United States Court of Appeals, Sixth Circuit.

Argued March 10, 1999.

Decided and Filed July 9, 1999.

Irwin M. Alterman (argued and briefed), Kemp, Klein, Umphrey & Endelman, Troy, MI, for Plaintiff–Appellant.

Gary H. Cunningham (argued and briefed), Strobl & Borda, Bloomfield Hills, MI, for Defendants–Appellees.

Before: JONES, SUHRHEINRICH, and MOORE, Circuit Judges.

KAREN NELSON MOORE, Circuit Judge.

The question presented in this appeal is whether a lien-waiver provision in a contract between Plaintiff–Appellant Kipin Industries, Inc. ("Kipin") and Defendant–Appellee Van Deilen International, Inc. ("VDI") is enforceable. We hold that it is. Although the express waiver would be void under the substantive law of Michigan, which the parties selected to govern the contract, the waiver is valid under the law of Kentucky, which would govern the agreement in the absence of an express choice-of-law provision. Following the Michigan law of conflict of laws, we conclude that, although the substantive law of Michigan applies generally to this contract, Michigan's substantive law does not invalidate the express waiver in this circumstance. Accordingly, we **AFFIRM** the judgment of the district court entered in favor of the defendants-appellees.

## I

The history of this controversy is straightforward and is not disputed. In November 1995 Kipin and VDI entered into a contract under which Kipin agreed to perform certain work in Kentucky at a site owned by a third party, AK Steel, Inc. ("AK Steel"). Alleging that VDI had refused to pay $400,000 owed under the otherwise completed contract, Kipin filed an action in the Western District of Pennsylvania in September 1996 to recover the unpaid amount. In accordance with the contract forum-selection clause, this case subsequently was transferred to the Eastern District of Michigan. In October 1996 Kipin filed mechanic's liens against the AK Steel property. This step was taken in contravention of a clause in the contract with VDI that prohibited Kipin from filing such liens. VDI then filed bonds in the relevant Kentucky county clerks' offices that served to discharge Kipin's liens. Defendant–Appellee United Fidelity Corporation ("UFC") was listed as the surety on the bonds.

Kipin then filed the present action seeking to recover on the bonds. The district court properly exercised diversity jurisdiction pursuant to 28 U.S.C. § 1332,[1] and the action was consolidated with the breach-of-contract action initially filed in Pennsylvania. Pointing to the lien-waiver provision of the contract, VDI moved to release the bonds. Kipin argued in response that the lien-waiver provision was void under governing Michigan law. Concluding that Michigan interests in the contract were minimal while Kentucky contacts were significant and, thus, that Kentucky law rather than Michigan law governed the contract, the district court held that the lien-waiver provision was enforceable and granted VDI's motion. The district court then withdrew the order of consolidation, which permitted Kipin to appeal the court's final judgment releasing the bonds. We have jurisdiction to hear the appeal pursuant to 28 U.S.C. § 1291.

## II

The substantive question in this case is whether the lien-waiver provision of the parties' contract is enforceable. Resolution of this question requires this court to interpret the contract and to construe state law. Both inquiries are conducted de novo. See *Ferro Corp. v. Garrison Indus., Inc.*, 142 F.3d 926, 931 (6th Cir.1998).

The parties' contract states that it "shall be deemed to be executed in the State of Michigan, and should be construed according to Michigan Law," Joint Appendix ("J.A.") at 93, and that disputes "shall be adjudicated by a court of competent jurisdiction sitting in the State of Michigan." J.A. at 94. The contract also includes an

---

1. Kipin is a Pennsylvania corporation and citizen with its principal place of business in that state; VDI is a Michigan corporation and citizen with its principal place of business in Michigan; and UFC is a Cook Islands corporation with its principal place of business in Michigan.

explicit prohibition against the placement of liens by Kipin on the property of AK Steel. Section 8 of the agreement, entitled "Prohibition Against Liens," provides in relevant part:

> [Kipin] hereby acknowledges and agrees that no mechanic's liens, materialman's liens or other liens whatsoever shall be filed and no claim shall be maintained by [Kipin], any subcontractor, contractor, supplier, mechanic, materialman or other person or entity against AK Steel or any equipment belonging to AK Steel (including but not limited to, the Equipment covered by the Contract), for or on account of work or labor performed, or to be performed, or materials, machinery, equipment or other property of any kind furnished or to be furnished in relation to the Contract and/or the removal operation that is the subject matter of the Contract.

J.A. at 93.

■ This prohibition or waiver of the right to file liens would be invalid under the statutory law of Michigan. Michigan law provides that "[a] person shall not require, as part of any contract for an improvement, that the right to a construction lien be waived in advance of work performed. A waiver obtained as part of a contract for an improvement is contrary to public policy, and shall be invalid. . . ." Mich. Comp. Laws Ann. § 570.1115(1) (West 1998).[2] Kentucky law does not forbid nor invalidate the pre-work waiver of the right to file mechanic's liens. By implication, Kentucky has accepted such waivers. See Ky.Rev.Stat. Ann. § 376.070(3) (Banks–Baldwin West 1997) (specifying that subsection is inapplicable "where persons . . . have waived in writing their right to file mechanics' or materialmen's liens").

■ In order to resolve the conflict between the contract and the substantive laws of Michigan and Kentucky on the issue of lien-waiver provisions, we must undertake a conflict-of-laws analysis. A federal court exercising diversity jurisdiction applies the choice-of-law or conflict rules of the forum state, in this case, Michigan. See *Cole v. Mileti,* 133 F.3d 433, 437 (6th Cir.), cert. denied, —— U.S. ——, 119 S.Ct. 42, 142 L.Ed.2d 32 (1998). In resolving choice-of-law issues, Michigan courts follow §§ 187 and 188 of the Second Restatement of Conflict of Laws. See *Chrysler Corp. v. Skyline Indus. Servs., Inc.,* 448 Mich. 113, 528 N.W.2d 698, 703 (1995); *Martino v. Cottman Transmission Sys., Inc.,* 218 Mich.App. 54, 554 N.W.2d 17, 21 (1996).

When the enforceability of a contractual provision is at issue, § 187 provides that "[t]he law of the state chosen by the parties to govern their contractual rights and duties will be applied" unless (1) there is no substantial relationship between the chosen state and the contract or other reasonable basis for the state's selection or (2) the application of the chosen state's law would violate a fundamental policy of a state which has a materially greater interest in the disputed issue and which would have supplied the governing law in the absence of the parties' selection. Restatement (Second) of Conflict of Laws § 187(2) (1988 Revision).

■ Section 187 applies, of course, only when the parties have selected a state to supply the governing law. See id. cmt. a. As an initial matter, VDI might have argued that the contract does not specify the law that "governs" the contract under § 187. The parties' choice-of-law provision states only that the contract "should be construed according to Michigan Law." To construe a contract is merely "[t]o ascertain the meaning of language by a process of arrangement, interpretation and inference." Black's Law Dictionary 315 (6th ed.1990). The law that governs a contract, on the other hand, regulates the contractual relationship, see id. at 695,

---

2. The liens filed by Kipin against the AK Steel property would be considered construction liens under Michigan law. See Mich. Comp. Laws Ann. § 570.1107.

and, inter alia, determines the validity of the instrument as a whole or of specific provisions.

Read literally, the choice-of-law provision in the instant contract does not indicate that the parties wished to have their contract regulated under Michigan law. See *Boat Town U.S.A., Inc. v. Mercury Marine Div. of Brunswick Corp.*, 364 So.2d 15, 17 (Fla.Dist.Ct.App.1978) (holding that the substantive law of Wisconsin was not applicable to a contract by virtue of clause stating that the document was "to be interpreted and construed according to" Wisconsin law). This court has rejected this argument in the past, however, holding that the same contract language at issue in Boat Town evidenced the parties' intention to be bound by the substantive law of the chosen state. See *Boatland, Inc. v. Brunswick Corp.*, 558 F.2d 818, 821–22 (6th Cir.1977) (noting that focusing on the technical distinction between "interpret/construe" and "govern" would yield an "unwarranted," "strained and narrow construction of the [contract] language"). Here, as in Boatland, there is no evidence that the parties did not intend their choice-of-law provision to invoke the substantive law of Michigan as well as its interpretive law (whatever that might be), and thus we conclude that § 187 is applicable.

Kipin and the district court agreed that the applicability of Michigan law was to be tested under § 187. However, Kipin disagrees with the district court's conclusion that Michigan law is inapplicable under the exceptions provided in § 187(2). We conclude that the district court erred in determining that Michigan lacked a substantial relationship to the contract and that application of Michigan law would violate a fundamental policy of Kentucky. However, the district court's conclusion that the lien-waiver provision is enforceable must be affirmed on other grounds: Under the Restatement, the parties' choice of law is to be considered a mistake if the chosen law would invalidate an express provision of the contract. If, in such a situation, the

express provision would be valid under the law of the state that would govern in the absence of an express choice-of-law provision, the mistaken choice-of-law provision should be ignored and the express contractual provision enforced.

■ As a threshold matter, we agree with Kipin that under Restatement § 187 the parties' choice of Michigan substantive law should be respected generally. We agree that Michigan has a substantial relationship to the contract by virtue of VDI's residence and that application of Michigan law invalidating the lien-waiver provision would not run counter to a fundamental policy of Kentucky.

First, it is clear under the Restatement that a party's place of domicile is sufficient to meet the substantial relationship test of § 187(2)(a). See Restatement § 187 cmt. f; see also Eugene F. Scoles & Peter Hay, Conflict of Laws 672 (2d ed.1992). Second, although Kentucky may have a materially greater interest than Michigan regarding liens placed or not placed on real property within the state, one cannot reasonably assert that it is a fundamental policy of Kentucky to permit parties to waive the right to place liens. Although the Restatement does not closely define the term, "[t]o be 'fundamental,' a policy must in any event be a substantial one." Restatement § 187 cmt. g. By way of example, the Restatement provides that "a fundamental policy may be embodied in a statute which makes one or more kinds of contracts illegal. . . ." Id. Here, the relevant Kentucky statute does not even address the validity of a pre-work waiver of the right to place liens. Such waivers are not expressly forbidden, and they appear to be permitted by implication. See Ky.Rev.Stat. Ann. § 376.070(3). However, this tolerance does not rise to a fundamental policy of permitting such waivers.

■ If the substantive laws of Michigan and Kentucky were reversed—if, in other words, lien-waiver provisions were valid in Michigan but invalid in Ken-

tucky—our inquiry would be at an end. Express contractual provisions that are aligned with the substantive law of the state effectively selected by the parties to govern the contract simply are enforced.[3] However, given the conflict here between the express contractual provision prohibiting the filing of liens and the otherwise effective background law which invalidates such prohibitions, we must delve further into the Restatement to resolve this issue. The Restatement indicates that where, as here, the express provision would be valid under the law of the state that would govern in the absence of a choice-of-law provision (the "default state"), the selection of an incompatible state's law to govern the contract is to be disregarded as a mistake of the parties.

The comments to the Restatement include the following discussion concerning mistaken choice-of-law provisions:

> On occasion, the parties may choose a law that would declare the contract invalid. In such situations, the chosen law will not be applied by reason of the parties' choice. To do so would defeat the expectations of the parties which it is the purpose of the present rule to protect. The parties can be assumed to have intended that the provisions of the contract would be binding upon them.... If the parties have chosen a law that would invalidate the contract, it can be assumed that they did so by mistake. If, however, the chosen law is that of the state of the otherwise applicable law under the rule of § 188, this

law will be applied even when it invalidates the contract.

Restatement § 187 cmt. e.[4]

■■■ It is important to note that this doctrine applies to situations in which the selected law would invalidate an express provision of a contract as well as to situations in which the entire contract would be invalidated. See *Infomax Office Sys., Inc. v. MBO Binder & Co. of America,* 976 F.Supp. 1247, 1254 (S.D.Iowa 1997) (holding that "choice of law should be considered a mistake as to the invalidating portion of chosen state law"); Russell J. Weintraub, Commentary on the Conflict of Laws § 7.3C, at 371–74 (3d. ed.1986) (noting that "invalidating law should be disregarded as an obvious error and the proper law chosen by some other means").

■■■ Applying § 187, the courts of Michigan would consider the choice of Michigan law in the present case to be mistaken to the extent this law invalidates the express lien-waiver provision. This conclusion does not end the analysis, however. Although the Restatement favors party autonomy, the parties are not permitted to avoid state law with regard to purely local transactions. See Scoles & Hay, supra, at 659–61, 669–70. Similarly, if an express provision would be invalid under the chosen state law as well as under the law of the default state, the doctrine of mistaken choice of law will not be employed to permit the parties to overcome the policy of both states. See id. at 670. Thus, we must determine whether the lien-waiver provision would be valid

---

**3.** This scenario is exemplified by the Chrysler Corp. case. There, the Michigan Supreme Court followed Restatement §§ 187 and 188 in concluding that (1) Michigan law, which had been chosen by the parties, was applicable and (2) an indemnification clause, which was valid under Michigan law, was enforceable. See *Chrysler Corp.,* 528 N.W.2d at 706–07. The lower court had determined that Illinois law, which invalidated the indemnification provision, applied under the Restatement tests. See *id.* at 701.

**4.** Although this portion of Comment e has not been adopted specifically by the courts of Michigan, the Michigan Supreme Court has cited other comments to §§ 187 and 188 and other language from this comment with approval. See *Chrysler Corp.,* 528 N.W.2d at 703–04. As the doctrine concerning mistaken choice of law acts "to protect the justified expectations of the parties," Restatement § 187 cmt. e, cited with approval in *Chrysler Corp.,* 528 N.W.2d at 703, we think it reasonable to conclude that the Michigan courts would adopt this portion of Comment e as well.

under the law of the default state before we permit VDI to enforce the waiver provision.

Restatement § 188(1) provides that in the absence of an effective choice by the parties a contract issue shall be governed by the law of the state that, "with respect to that issue, has the most significant relationship to the transaction and the parties." The contacts to be considered in evaluating state relationships to the contract include the locations of contracting, negotiation, performance, the subject matter of the contract, and the residence and business of the parties. See Restatement § 188(2). Moreover, when a contract is for the rendition of services, § 196 provides that the law of the state of performance shall apply unless another state has a more significant relationship to the contract.

Given the presumption created by § 196, we conclude that a Michigan court would find that Kentucky law would apply in the absence of an effective choice by the parties. This contract entailed the rendition of services solely in the state of Kentucky. The particular issue in question, moreover, is the placement of a lien on property situated in Kentucky. Although the contract was deemed to have been executed in Michigan, it appears that the negotiation and contracting actually occurred through correspondence between a Michigan resident and a Pennsylvania resident. Thus, no state has a more significant relationship to the contract than does Kentucky.

The lien-waiver provision of the contract is valid under Kentucky law. Pursuant to Restatement §§ 187 and 188, the selection of Michigan law to govern the contract must be ignored with regard to this provision as a mistake of the parties. Accordingly, we conclude that the district court reached the correct result when it held that Kentucky law governed the parties' rights and obligations with respect to the lien-waiver provision and when it granted VDI's motion to release the bonds.

### III

For the foregoing reasons, we **AFFIRM** the district court's order granting VDI's motion to release the bonds.