S07G0946. CS-LAKEVIEW AT GWINNETT, INC. v. SIMON
PROPERTY GROUP, INC. et al.
(659 SE2d 359)

CARLEY, Justice.

CS-Lakeview at Gwinnett, Inc. (CS-Lakeview) and related entities entered into a joint venture concerning commercial property with Simon Property Group, Inc. and related entities (Simon). Many of the entities involved in the joint venture are Delaware corporations and, when a complex dispute arose, Simon sued CS-Lakeview in Delaware. In a subsequent settlement agreement, the joint venture assets were divided, including a 133-acre tract of land located in Georgia, which was received by Simon. The agreement purported to give CS-Lakeview a right of first refusal with respect to that property. The agreement further provided that it was to be "subject to and construed in accordance with the laws of the state of Delaware."

When Simon received a third-party offer for the Georgia property, the parties differed as to the required procedures, and Simon eventually sold the land to the third party. CS-Lakeview sued Simon in Georgia, alleging that Simon had not allowed CS-Lakeview to exercise its right of first refusal. The trial court granted summary judgment in favor of Simon on the ground that CS-Lakeview's right of first refusal was invalid under Delaware's rule against perpetuities.

On appeal, the Court of Appeals affirmed, holding that Delaware law governed the validity of CS-Lakeview's right of first refusal and that such provision of the settlement agreement was invalid under that state's rule against perpetuities. *CS-Lakeview at Gwinnett v. Simon Property Group*, 283 Ga. App. 686, 688 (1) (642 SE2d 393) (2007). The Court of Appeals further ruled that the trial court

correctly refused to reform the agreement so as to remedy the parties' mutual mistake in choosing Delaware law, which invalidates the right of first refusal, in favor of Georgia law, which authorizes such a provision. *CS-Lakeview at Gwinnett v. Simon Property Group*, supra at 690 (2). Having granted certiorari to review this latter ruling, we conclude that mutual mistake is not a valid basis upon which to nullify the parties' choice of Delaware law in order to uphold the right of first refusal.

The Court of Appeals mistakenly relied on OCGA § 23-2-27, which states that, where the facts are all known and there is no misplaced confidence or fraudulent conduct inducing the mistake or preventing its correction, "ignorance of the law by *a* party (not a mutual mistake by both) shall not authorize the intervention of equity. . . . [T]his Code section has no application to a mutual mistake of law by both parties." (Emphasis in original.) *Superior Ins. Co. v. Dawkins*, 229 Ga. App. 45, 48 (1), fn. 2 (494 SE2d 208) (1997). See also *A. J. Concrete Pumping v. Richard O'Brien Equip. Sales*, 256 Ga. 795, 796 (1) (353 SE2d 496) (1987) (" '(E)quity will reform a written instrument for the unilateral mistake of one party accompanied by fraud or inequitable conduct on behalf of the other party.' [Cit.]").

An alleged mutual mistake of law is governed by OCGA § 23-2-22, which applies to "[a]n honest mistake of the law as to the effect of an instrument on the part of both contracting parties, when the mistake operates as a gross injustice to one and gives an unconscionable advantage to the other . . . ." "A mistake relievable in equity is some unintentional act, omission, or error arising from ignorance, surprise, imposition, or misplaced confidence." OCGA § 23-2-21 (a). "Where reformation is sought on the ground of mutual mistake, it must, of course, be proved to be the mistake of both parties. [Cit.]" *A. J. Concrete Pumping v. Richard O'Brien Equip. Sales*, supra. "The power to relieve mistakes shall be exercised with caution; to justify it, the evidence shall be clear, unequivocal, and decisive as to the mistake." OCGA § 23-2-21 (c). See also *Fulghum v. Kelly*, 255 Ga. 652, 654 (340 SE2d 589) (1986).

Relying on the Restatement (Second) of Conflict of Laws § 187 (2) cmt. e and several cases, CS-Lakeview contends that, in choosing a governing law which rendered the right of first refusal invalid, the parties made a mutual mistake and would have chosen Georgia law if they had considered the issue. However, this Court has declined to adopt § 187 (2) of the Restatement (Second) of Conflict of Laws, and continues to adhere to traditional conflicts of law rules. *Convergys Corp. v. Keener*, 276 Ga. 808, 812 (582 SE2d 84) (2003). Compare *Kipin Indus. v. Van Deilen Intl.*, 182 F3d 490, 493 (II) (6th Cir. 1999) (applying law of Michigan, which follows §§ 187 and 188 of the Second Restatement of Conflict of Laws); Russell J. Weintraub, *Commentary*

*on the Conflict of Laws*, § 7.3C, p. 495 (5th ed. 2006) (advocating adherence to the Second Restatement).

In light of OCGA § 1-3-9, the law of the jurisdiction chosen by parties to a contract to govern their contractual rights will be enforced unless application of the chosen law would be contrary to the public policy or prejudicial to the interests of this state. *Convergys Corp. v. Keener*, supra at 810.

> " ' "[A] contract should not be held unenforceable as being in contravention of public policy except in cases free from substantial doubt where the prejudice to the public interest clearly appears." ' (Cit.) . . . 'Enforcement of a contract or a contract provision which is valid by the law governing the contract will not be denied on the ground of public policy, unless a "strong case" for such action is presented; mere dissimilarity of law is not sufficient for application of the public policy doctrine. . . .' (Cits.)" [Cit.]

*Nationwide General Ins. Co. v. Parnham*, 182 Ga. App. 823, 825 (4) (357 SE2d 139) (1987). "The fact that the law of the forum state is different than the law of the foreign state does not mean that the foreign state's law necessarily is against the public policy of the forum state. [Cit.]" *Punzi v. Shaker Advertising Agency*, 601 S2d 599, 600 (Fla. App. 1992).

"The policy of giving effect to the parties' intent to have a binding contract and the general policy of contract validation come into conflict when the law that the parties have chosen would invalidate the *whole* contract." (Emphasis in original.) Scoles, Hay, Borchers & Symeonides, *Conflict of Laws* § 18.11, p. 982 (4th ed. 2000). However, under either the traditional approach or the Restatement, where, as here,

> the law chosen by the parties invalidates *only a part* of the contract, the parties' expectations of having a binding contract are satisfied. Consequently, in the absence of special circumstances, there is little reason to allow one party to pick the favorable and discard the unfavorable provisions of the chosen law. [Even] [t]he Second Restatement does not support this type of private eclecticism, and most cases have expressly rejected it. [Cits.] (Emphasis in original.)

Scoles, supra at p. 983. See also Symeon C. Symeonides, "Choice of Law in the American Courts," 48 Am. J. Comp. L. 143, 162 (IV) (1) (d) (2000) (Restatement (Second) of Conflict of Laws § 187 (2) cmt. e "contemplates the analytically and practically different situation in

which the chosen law invalidates the entire contract rather than merely a provision thereof"); Larry Kramer, "Rethinking Choice of Law," 90 Colum. L. Rev. 277, 332 (IV) (C) (1990) ("there is no a priori reason to conclude that the rule of validation reflects the parties' 'true' intentions better than the choice made explicitly in the contract").

> It matters not that the parties may not have been actually aware of the [invalidating effect of Delaware's rule against perpetuities] when they signed the [settlement agreement]. They agreed to be bound by [Delaware] substantive law, of which the [rule against perpetuities] is a part.

*Boatland, Inc. v. Brunswick Corp.*, 558 F2d 818, 822 (II) (6th Cir. 1977).

In reviewing the foregoing Georgia law on mutual mistake, as well as commentary and foreign authority with respect to contractual choice-of-law provisions, we conclude that the type of conflict that arose in the present case is not relievable in equity as a mutual mistake in this state. Again, the equitable power to relieve mistakes must be "exercised with caution," and the evidence regarding the mistake must be "clear, unequivocal, and decisive." OCGA § 23-2-21 (c). Furthermore, to reform a contract based upon mutual mistake, it must be shown that the alleged mistake resulted in a contract which fails to express accurately the intention of the parties. *Zaimis v. Sharis*, 275 Ga. 532, 533 (1) (570 SE2d 313) (2002); *Fox v. Washburn*, 264 Ga. 617, 618 (1) (449 SE2d 513) (1994). It is clear that the parties expressly selected the choice-of-law provision of their contract. CS-Lakeview has proved that such provision invalidates a single other contractual term. However, it does not invalidate the entire contract, and a choice of Georgia law may have had its own undesirable implications for the multiple entities and properties involved in the settlement agreement. It is not possible to conclude that the parties clearly and unequivocally intended the choice-of-law provision to fall whenever it would invalidate any provision of the contract. To assume that the parties intended for the right of first refusal to be effective instead of their choice of law is not any more justifiable than the converse assumption. Application of the doctrine of mutual mistake in this case would erroneously be based upon a mere dissimilarity of law.

The dissent's desire to apply the doctrine based upon "special circumstances" other than the ground of public policy is contrary to this state's continued adherence to traditional conflicts of law rules. *Convergys Corp. v. Keener*, supra; *Nationwide General Ins. Co. v. Parnham*, supra. Furthermore, the dissent remarkably discounts the

choice-of-law provision as mere "boilerplate" based solely on a commentator's general observation and the absence of evidence that the parties gave it any special consideration. Actually, that provision, like almost all others in the settlement agreement,[1] cannot properly be viewed as "boilerplate." Before it was drafted and inserted, the parties to the agreement first had to select and agree to the law of a particular state. Moreover, in the very next paragraph, the parties specifically contemplated and provided for the possible invalidity of any provision of the contract, not by limiting the effect of their choice of law, but rather by means of a severability clause. See *Boatland, Inc. v. Brunswick Corp.*, supra at 823 (II). Thus, the dissent's effort to find an implied intent that the right of first refusal prevail must fail.

Accordingly, we hold, as a matter of law, that the parties' settlement agreement is not subject to the reformation sought by CS-Lakeview under the doctrine of mutual mistake.

*Judgment affirmed. All the Justices concur, except Sears, C. J., and Melton, J., who dissent.*


SEARS, Chief Justice, dissenting.

Because I conclude that the parties labored under a mutual mistake when they chose Delaware law to control their settlement agreement, I dissent to the majority opinion.

CS-Lakeview contends that the parties made a mutual mistake in choosing Delaware law to govern their contract, as it rendered CS-Lakeview's right of first refusal invalid,[1] and that, if the parties had considered the issue, they would have chosen Georgia law to apply to the right of first refusal. CS-Lakeview relies on several cases to support its position. For example, in *Kipin Indus. v. Van Deilen Intl.*,[2] the parties had an agreement for certain work to be performed in Kentucky, and a provision in their contract prohibited the filing of liens. The parties also chose Michigan to govern their contract. Under Michigan law, lien-waiver provisions were invalid, but, under Kentucky law, they were valid. A dispute arose between the parties, and a lien was filed. On appeal, the court held that Kentucky law should govern the validity of the lien-waiver provision on the ground that it should be assumed that the parties made a mistake in choosing a law — Michigan — that would invalidate that portion of their contract.[3]

---

[1] Under Delaware law, CS-Lakeview's right of first refusal violates the rule against perpetuities and is considered void ab initio. *Stuart Kingston, Inc. v. Robinson*, 596 A2d 1378, 1383-1384 (Del. 1991).

[2] 182 F3d 490 (6th Cir. 1999).

[3] Id. at 494-496.

In so ruling, the court relied on Comment e of § 187 of the Restatement, Second, Conflict of Laws. That comment states, in relevant part, as follows:

> On occasion, the parties may choose a law that would declare the contract invalid. In such situations, the chosen law will not be applied by reason of the parties' choice. To do so would defeat the expectations of the parties which it is the purpose of the present rule to protect. The parties can be assumed to have intended that the provisions of the contract would be binding upon them (cf. § 188, Comment b). If the parties have chosen a law that would invalidate the contract, it can be assumed that they did so by mistake.[4]

The rationale of *Kipin* has been followed by other courts.[5] Moreover, the rule established in *Kipin* has been cited with approval by Russell J. Weintraub, a leading commentator on conflict of laws.[6] Weintraub notes that choice-of-law clauses are "becoming ubiquitous boilerplate in commercial contracts" and that parties may inadvertently choose a law that invalidates "the contract in whole or in part."[7] Weintraub concludes that

> [t]his problem of the inadvertent stipulation of invalidating law is easily resolved. A court should disregard a stipulation of invalidating law as an obvious mistake and choose the proper law by some other means. . . . Commercial convenience and upholding of expectations are served whenever the validating rule is applied and disserved whenever invalidating law is invoked.[8]

On the other hand, as the majority correctly notes, the ruling in the *Kipin* case has been criticized for applying the doctrine from Comment e of § 187 of the Restatement, Second, Conflict of Laws, to

---

[4] The majority criticizes CS-Lakeview's reliance on *Kipin* on the ground that this Court has not adopted § 187 of the Restatement, Second, Conflict of Laws. *Kipin*, however, simply adopted the principle of mistake of law noted in Comment e of § 187. We need not adopt § 187 in order to rely on that principle.

[5] *Infomax Office Systems v. MBO Binder & Co. of America*, 976 FSupp. 1247, 1254 (S.D. Iowa 1997); *Bense v. Interstate Battery System*, 683 F2d 718, 722 (2nd Cir. 1982); *State ex rel. St. Joseph Light & Power Co. v. Donelson*, 631 SW2d 887, 891 (Mo. Ct. App. 1982).

[6] Russell Weintraub, Commentary on the Conflict of Laws § 7.3C, pp. 494-495 (5th ed. 2006).

[7] Id. at 494. Contrary to the majority's statement, Weintraub does address the situation where the parties choose a law that invalidates the contract in part.

[8] Id. at 495.

a single provision of a contract.[9] Even that criticism, however, leaves open the possibility of disregarding an invalidating law even when only a part of a contract is at issue if "special circumstances" are present.[10]

I find the rationale of cases such as *Kipin* and the commentary expressed in Weintraub persuasive and conclude that, under that rationale, the parties made a mutual mistake in choosing Delaware law to govern their contract. Moreover, even under the more restrictive rule espoused by Scoles,[11] I would find the presence of special circumstances in this case. In this regard, Simon's attorney conducted the negotiations for Simon, and he testified that there were five or six terms of the settlement agreement that were material and that, without them, the agreement "wouldn't have been done." He added that the right of first refusal was one of those material terms. In addition, there is no evidence in the record that the parties gave any special consideration to the choice-of-law provision, much less the same consideration that they attached to the right of first refusal. As noted by Weintraub, the choice-of-law provision in this case seems to have been "boilerplate." Given that the parties clearly intended to create a valid right of first refusal for CS-Lakeview and that the parties' complex dispute would not have been settled without that right, it is reasonable to conclude that the parties assumed that the choice of Delaware law would not invalidate that critical provision of the contract. Because of the critical nature of the right of first refusal compared to the "boilerplate" choice-of-law provision, I conclude that this is a special circumstance in which the choice-of-law should not be applied to invalidate the right of first refusal.

In addition, this conclusion is consistent with Georgia law on mutual mistake. The parties made an "honest mistake of law as to the effect" of the written contract they entered[12] when they chose Delaware law to govern their agreement. Stated differently, the parties " 'labored under the same misconception' " as to the terms of the settlement agreement, " 'intending at the time of the execution of the instrument' " to make the right of first refusal valid and enforceable, but " 'by mistake' " rendering it invalid, so that the settlement agreement did not express the intent of the parties to give CS-Lakeview a valid right of first refusal.[13] Finally, given the testimony of Simon's counsel that the right of first refusal would either make or

---

[9] Scoles, Hay, Borchers & Symeonides, *Conflict of Laws* § 18.11, p. 983 (4th ed. 2000).
[10] Id.
[11] Id.
[12] OCGA § 23-2-22.
[13] *Fox v. Washburn*, 264 Ga. 617, 618 (449 SE2d 513) (1994), quoting *Lawton v. Byck*, 217 Ga. 676, 682 (124 SE2d 369) (1962).

break the parties' agreement, I conclude that the evidence shows unequivocally and decisively that the parties made a mistake in choosing a law that would invalidate that provision.[14]

For the foregoing reasons, I conclude that, even though the parties' chosen law invalidates only a part of the parties' contract, the choice of an invalidating law should be considered a mutual mistake. Accordingly, I dissent to the majority opinion.

I am authorized to state that Justice Melton joins in this dissent.

DECIDED MARCH 28, 2008 —
RECONSIDERATION DENIED APRIL 11, 2008.

*Duane Morris, William S. Mayfield, Dorsey & Whitney, Roger Magnuson, David Y. Trevor*, for appellant.

*Morris, Manning & Martin, John F. Manning, Donald A. Loft, Ross A. Albert*, for appellees.

---

[14] OCGA § 23-2-21; *Fulghum v. Kelly*, 255 Ga. 652, 654 (340 SE2d 589) (1986).