

**FILED**

MAR 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| COMMERCIAL MONEY CENTER; et al., | No. 12-17528 |
| Defendants, | D.C. No. 2:02-cv-01051-KJD-LRL |
| And | |
| SAFECO INSURANCE COMPANY OF AMERICA, | MEMORANDUM* |
| Defendant - Appellant, | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, on behalf of NetBank, | |
| Receiver - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted January 16, 2015
San Francisco California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: NOONAN and CLIFTON, Circuit Judges, and ADELMAN, District Judge.[**]

Safeco appeals the district court's denial of its motion for a new trial. The jury found that Safeco had breached surety and servicing obligations into which it had entered, and that Safeco had not been fraudulently induced into issuing surety bonds and signing the Sales and Services Agreements ("SSAs"). Safeco argues it was entitled to a new trial because the district court misstated agency law by instructing the jury that knowledge possessed by Safeco's agent could be imputed to Safeco, and because the district court incorrectly applied Nevada law to Safeco's fraudulent inducement defense. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

1. FDIC stipulated before trial that Safeco was entitled to raise a fraudulent inducement defense. Therefore, FDIC may not argue that Safeco is statutorily barred from attempting to make a fraudulent inducement defense. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).

2. We review de novo jury instructions that are challenged as a misstatement of law. *Duran v. City of Maywood*, 221 F.3d 1127, 1130 (9th Cir. 2000) (per curiam). The district court did not err by instructing the jury that any knowledge

[**] The Honorable Lynn S. Adelman, District Judge for the U.S. District Court for the Eastern District of Wisconsin, sitting by designation.

possessed by Anthony could be imputed to Safeco. Under California statute, "both principal and agent are deemed to have notice of whatever either has notice of, and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other." Cal. Civ. Code § 2332. However, "[w]hen an agent exceeds his authority, his principal is bound by his authorized acts so far only as they can be plainly separated from those which are unauthorized." *Id.* § 2333. "[W]hether or not [an agent's] act done is so different from the act authorized that it is not within the scope of the employment is decided by the court if the answer is clearly indicated; otherwise, it is decided by the jury." *Garber v. Prudential Ins. Co. of Am.*, 22 Cal. Rptr. 123, 129 (Cal. Ct. App. 1962).

The parties stipulated before trial that Anthony was an "Attorney-in-Fact for Safeco . . . [and] had the power and authority to issue Safeco lease bonds once authorized by Safeco to do so, and to sign the Sale(s) and Servicing Agreements." Safeco executed a power of attorney, appointing Anthony "its true and lawful attorney(s)-in-fact, with full authority to execute on its behalf fidelity and surety bonds or undertakings and other documents of a similar character issued in the course of its business, and to bind the respective company thereby." Anthony was not simply a soliciting agent. He signed the SSAs as Safeco's Attorney-in-Fact, and signed amendments changing material elements of the agreements as Safeco's

3

Attorney-in-Fact. Because Anthony was empowered to bind Safeco to the surety bonds and the SSAs, the district court did not err by instructing the jury that any knowledge possessed by Anthony could be imputed to Safeco.

3. The district court did not err by applying Nevada law to the SSAs. This case was transferred from the Northern District of Georgia to the District of Nevada under the compulsory counterclaim and first-to-file rules. In its motion to transfer venue, Safeco argued that "transfer is favored if choice of law rules point to another state's laws," and that the SSAs "are to be governed by and construed in accordance with Nevada law." Having sought the application of Nevada law, Safeco cannot now argue California law should apply.

Even if Safeco did not waive its argument that California law should apply, Nevada law applies to the SSAs. Transfers under the compulsory counterclaim and first-to-file rules implicate the same forum shopping concerns that underlie the rule of *Van Dusen v. Barrack*, 376 U.S. 612, 638-39 (1964). Thus, the *Van Dusen* rule applies to transfers under the compulsory counterclaim and first-to-file rules. Because this action was transferred from the Northern District of Georgia, Georgia's choice-of-law rules determine which state's laws govern the SSAs. *See Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941).

4

A district court's rulings on choice-of-law matters is reviewed de novo. *Coneff v. AT&T Corp.*, 673 F.3d 1155, 1157 (9th Cir. 2012). "When there is no convincing evidence that a state supreme court would decide differently, the federal court is obligated to follow the decisions of the state's intermediate appellate courts." *Spear v. Wells Fargo Bank*, 130 F.3d 857, 861 (9th Cir. 1997).

Under Georgia's choice-of-law rules, "the law of the jurisdiction chosen by parties to a contract to govern their contractual rights will be enforced unless application of the chosen law would be contrary to the public policy or prejudicial to the interests of this state." *CS-Lakeview at Gwinnett, Inc. v. Simon Prop. Grp., Inc.*, 659 S.E.2d 359, 361 (Ga. 2008). However, whether a choice-of-law provision applies to defenses that sound in tort depends on whether the choice-of-law provision is sufficiently broad to indicate the parties intended the provision to cover all aspects of their relationship. *Compare Baxter v. Fairfield Fin. Svcs., Inc.*, 704 S.E.2d 423, 428 (Ga. Ct. App. 2010) (choice-of-law provision stating "This Guarantee shall be governed by the laws of Florida" did not apply to tort defenses) *with Young v. W.S. Badcock Corp.*, 474 S.E.2d 87, 88 (Ga. Ct. App. 1996) (choice-of-law provision must state "that any and all claims arising out of the relationship between the parties shall be governed by Florida law" to apply to defenses sounding in tort). Safeco, CMC, and Netbank chose Nevada law to govern their

5

SSAs. The choice-of-law provision agreed to by the parties stated "THE OBLIGATIONS, RIGHTS AND REMEDIES OF THE PARTIES UNDER THIS AGREEMENT SHALL BE DETERMINED IN ACCORDANCE WITH" the laws of the state of Nevada. The phrase "obligations, rights and remedies" is broad enough to cover the entire relationship between the parties to the SSAs. Thus, the district court did not err by determining that the SSAs are governed by Nevada state law.

AFFIRMED.